UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAULETTA HIGGINS,

   Plaintiff,

v.                                                        Case No:   6:14-cv-984-Orl-41TBS

HAMILTON COUNTY DEPARTMENT OF
JOB AND FAMILY SERVICE, HAMILTON
COUNTY JUVENILE COURT, KACY
EAVES and ERICKA DORITY,

   Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc 2). Upon due consideration I respectfully recommend that the Court **deny** the motion and **grant** Plaintiff leave to amend.

### Background

Plaintiff is suing Defendant – a state agency in Ohio, in federal court in Orlando, Florida, for a restraining order and emotional abuse. (Doc. 1). Plaintiff seeks to regain custody of her child and to have her pending child welfare case transferred to the Department of Children and Families in Orlando Florida. (Id.). She now asks this Court for permission to proceed without the prepayment of fees. (Doc. 2).

### Discussion

Federal courts may allow an individual to proceed in forma paperis if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether Plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review her complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action

is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  Id. § 1915(e)(2).

Federal district courts are courts of limited jurisdiction.  As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).  Parties seeking to invoke the Court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction1 or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States").  See 28 U.S.C. §§ 1331-1332.  A federal district court "has the obligation to review sua sponte whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.  Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff alleges that the Court has subject matter jurisdiction due to diversity and the existence of a federal question. In an attempt to establish diversity jurisdiction, she summarily alleges that "[t]he amount of damages in [c]ontroversy exceeds the [j]urisdictional limits of the court." (Doc. 1 at 3).  A conclusory allegation is insufficient to establish diversity jurisdiction. See Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011); cf. Metro. Life Ins. Co. v. Arrington, No. 5:08-cv-168-HL, 2008 WL 2223280, at *1 (M.D. Ga. May 22, 2008). Consequently, Plaintiff has failed to adequately plead diversity jurisdiction.

Plaintiff also avers that this case involves a federal question.  Specifically, she alleges that "[t]his action is brought to redress grievance[s] protected by the United States constitutional [sic] through U.S.C. 42 & 1983 [sic]." (Doc. 1 at 3).  I construe this as an attempt to allege a claim based on Section 1983.  Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction.  42

- 2 -

U.S.C. § 1983. The purpose of this statutes "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The Court must therefore consider the specific federal rights Plaintiff claims she was deprived of by Defendants. In the Complaint, Plaintiff alleges: civil rights violation (Count 1), slander (Count 2), "breached of duty legal malpractice practice" (Count 3), and conspiracy (Count 5)[1]. None of these counts purport to be based on a federal right. Thus, none of Plaintiff's allegations aver a basis for Section 1983 liability.

Plaintiff has also failed to sufficiently plead a cause of action for any of these counts. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of her claim for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted); Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000). Plaintiff's complaint recites various facts about her child custody case in Ohio and requests various forms of relief including, restoration of her child custody rights and

---

[1] Apparently, in numbering the counts of the Complaint, Plaintiff has skipped the number four.

transference of a case currently being heard in Hamilton County in Ohio to Orlando Florida. (Doc. 1). But, the complaint fails to satisfy the minimum pleading requirements of Rule 8(a), and fails to allege the essential elements of any cause of action. Consequently, I find that Plaintiff has failed to sufficiently plead a cause of action and respectfully recommend that her complaint be dismissed

## Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court **deny** Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) and give her **fourteen (14) days** to file an Amended Complaint and *in forma pauperis* motion.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 11, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Pro se Plaintiff